UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DEZINE A. COSS, | CASE NO.  C09-5496JRC |
| Plaintiff, | |
| v. | ORDER AFFIRMING ADMINISTRTIVE DECISION |
| MICHAEL J. ASTRUE, Commissioner of Social Security Administration, | |
| Defendant. | |

This matter has been referred and reassigned to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c) based on the consent of the parties.  This matter has been briefed, and after reviewing the record, the undersigned finds no legal error in the administrative law judge's decision and substantial evidence in the record supporting the decision denying plaintiff's application for social security benefits.  Accordingly, the Court affirms the administrative decision.

Born in 1969, plaintiff, Dezine Coss, alleges disability due to anxiety disorder, panic attacks, depression, obsessive-compulsive disorder, seizures, obstructive sleep apnea syndrome, multiple joint pain, and back pain.  Plaintiff's Opening Brief (Doc. 14) at 2.  Plaintiff has work

ORDER - 1

experience in a wholesale nursery, convenience store, and grocery store.  Tr. 217.  She has not worked since her alleged onset date of disability, March 31, 2003.  Tr. 23.

Plaintiff filed an application for Social Security disability benefits April 27, 2004, which was ultimately denied by an administrative law judge ("ALJ") on December 6, 2007.   Plaintiff subsequently filed a complaint asking for judicial review of the administration's denial of her application for social security benefits.  Plaintiff argues the matter should be reversed due to the following alleged errors:

1.  The ALJ failed to properly consider the medical opinion evidence, including the opinions of non-examining physicians, Dr. Kuhner and Dr. Clifford and the opinions of examining physicians, Dr. Adams and Dr. Schneider.

2.  The ALJ improperly rejected the lay witness evidence provided by Psychiatric Nurse Practitioner, Brent Francisco, ARNP, PMHNP and plaintiff's mental health counselor, Jane Keith.

3.  The ALJ erroneously assessed plaintiff's credibility.

## **FINDINGS**

*1.  The ALJ Properly Considered The Medical Opinion Evidence*

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician.  Lester v. Chater, 81 F.3d 821, 830 (9th Cir.1996).  Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." Id. at 830-31.  However, the ALJ "need not discuss all evidence presented." Vincent on Behalf of Vincent v. Heckler, 739 F.3d 1393, 1394-95 (9th Cir.1984)

ORDER - 2

(citation omitted).  The ALJ must only explain why "significant probative evidence has been rejected." Id.

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant.  Lester, 81 F.3d at 830.  On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole."  Batson v. Commissioner of Social Security Administration, 359 F.3d 1190, 1195 (9th Cir.2004); Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir.2002); Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir.2001).  An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." Lester, 81 F.3d at 830-31.  A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record."  Id. at 830-31; Tonapetyan, 242 F.3d at 1149.  The ALJ "may reject the opinion of a non-examining physician by reference to specific evidence in the medical record."  Sousa v. Callahan, 143 F.3d 1240, 1244 (9th Cir. 1998).

The ALJ is entitled to resolve conflicts in the medical evidence.  Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987).  He may not, however, substitute his own opinion for that of qualified medical experts.  Walden v. Schweiker, 672 F.2d 835, 839 (11th Cir. 1982).  If a treating doctor's opinion is contradicted by another doctor, the Commissioner may not reject this opinion without providing "specific and legitimate reasons" supported by substantial evidence in the record for doing so.  Murray v. Heckler, 722 F.2d 499, 502 (9th Cir. 1983).  "The opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician."  Lester, 81 F.3d at 831.  In Magallanes v. Bowen, 881 F.2d 747, 751-55 (9th Cir. 1989), the Ninth Circuit

upheld the ALJ's rejection of a treating physician's opinion because the ALJ relied not only on a non-examining physician's testimony, but in addition, the ALJ relied on laboratory test results, contrary reports from examining physicians and on testimony from the claimant that conflicted with the treating physician's opinion.

Here, plaintiff argues the ALJ erred when it evaluated the medical evidence, specifically the opinions of non-examining physicians (Dr. Kuhner and Dr. Clifford) and the opinions of examining physicians (Dr. Adams and Dr. Schneider). After reviewing the record, the undersigned finds no errors in the ALJ's evaluation of the medical evidence.

State agency consulting psychiatrist, Dr. Kuhner, approved a mental residual functional capacity in March 2005. Tr. 199-201. This assessment was affirmed by state agency consulting psychologist, Thomas Clifford in June 2005. Tr. 199. The check-box portion of the report indicates plaintiff was moderately limited in several aspects of mental abilities. Tr. 199-200. The narrative portion Dr. Kuhner stated plaintiff's allegations are only partially credible and that her mental impairment "does not prevent all work activity." Tr. 201. In addition, the report indicates Dr. Kuhner and Dr. Clifford, in his affirmation of the report, do not agree with the opinion that plaintiff is not able to complete a normal work day or work week due to her agoraphopia. *Id.* The report states plaintiff's activities show that she can leave the house and function around others when necessary. *Id.*

At the request of the Department of Social and Health Services, Dr. Adams, evaluated plaintiff's mental health in March 2007 and Dr. Schneider evaluated plaintiff in July 2007. Tr. 521-39. Dr. Adams reported plaintiff "indicative of someone who may be exaggerating impairment, perhaps as a plea for help, but not that of someone who is malingering or manufacturing symptoms." Tr. 525. Dr. Adams diagnosed plaintiff with Obsessive Compulsive

ORDER - 4

Disorder; Panic Disorder with Agoraphobia; and Depressive Disorder NOS.  Tr. 526.  He assessed her GAF score at 44, indicating serious symptoms or serious impairment in social, occupational, or school functioning (e.g. no friends, unable to keep a job).  Dr. Adams opined that plaintiff was markedly limited in her ability to respond appropriately to and tolerate the pressures and expectations of a normal work setting; moderately limited in her ability to relate appropriately to co-workers and supervisors; moderately limited in her ability to interact appropriately in public contacts; and moderately limited in her ability to exercise judgment and make decisions.  Tr. 530.

   Dr. Schneider reported test results that indicated plaintiff suffered from clinically significant depression and anxiety in a highly fearful individual who is readily disorganized with stress and demand.  Tr. 535.  Dr. Schneider diagnosed Ms. Coss with the same disorders as found by Dr. Adams (Tr. 537). He assessed her GAF score at 39, indicating some impairment in reality testing or communication or major impairment in several areas, such as work or school, family relations, judgment, thinking, or mood.  Tr. 535.  Dr. Schneider concluded:

> While it appears that Dezine is able to understand simple instructions concentration and attention are variable and are likely to be poor in a work situation due to her anxiety.  Also, her inability to travel and her general fearfulness and agoraphobia will dramatically impact on her ability to reliably get to work.  It is very unlikely that she could tolerate typical stresses and demands of gainful employment nor the interpersonal environment.

Tr. 535.  Dr. Schneider's opinion is the opinion rejected by Dr. Kuhner and Dr. Clifford.

   The ALJ reviewed all the medical evidence of record and concluded plaintiff suffered from anxiety disorder and depressive disorder, but retained the ability to work that did not involve working at heights, limited to only occasional interaction with co-workers and no contact with the public.  Tr. 23, 26.  The ALJ's finding properly addresses the medical opinions noted above, as well as the other medical evidence of record.

ORDER - 5

It is clear that the ALJ relied upon his own assessment of plaintiff's credibility, discussed below, in addition to the medical opinions of the stage agency consultants, Dr. Kuhner and Dr. Clifford. Tr. 29, 199-202. The ALJ stated he gave these opinions significant weight. Tr. 29. The ALJ also stated he gave partial weight to the opinion of Dr. Lum, an examining physician. *Id.* The evidence relied upon by the ALJ to formulate plaintiff's residual functional capacity is substantial.

Plaintiff argues the ALJ failed to adopt all of Dr. Kuhner's and Dr. Clifford's limitations. The undersigned is not persuaded by the argument. It is clear the ALJ relied on their opinions, and, as noted above, both consultants specifically did not agree with Dr. Schneider's opinion that plaintiff's anxiety and agoraphobia was as severe as opined by the examining physician. The check-box ratings, several moderate level ratings, are inconsistent with Dr. Kuhner's narrative explanation. The ALJ properly relied more on the narrative explanation of the report, rather than the check-box ratings. The narrative provided detail regarding Dr. Kuhner's ratings and Dr. Kuhner's conclusions completely supports the ALJ's decision.

The ALJ also specifically addressed the conflicting evidence provided by Dr. Adams and Dr. Schneider. As noted above, both of these psychologists believe plaintiff is more limited than assessed by the ALJ. The ALJ explained that the low GAF assessments were unwarranted based on plaintiff's reports of activities of daily living and her performance on mental status testing. Tr. 28. The court notes t the same reasons Dr. Kuhner and Dr. Clifford relied upon to reject the more limited restrictions. To further support his explanation, the ALJ referenced with more specificity plaintiff's activities and credibility, which is discussed below.

In sum, the ALJ properly rejected the opinions offered by Dr. Adams and Dr. Schneider that plaintiff is unable to work due to her mental impairment. In support of his decision, the ALJ

ORDER - 6

properly relied upon two non-examining physician's (Dr. Kuhner and Dr. Clifford), mental health testing and results, and on testimony from plaintiff that conflicted with the examining physicians' opinions.  The ALJ properly evaluated the medical opinion evidence.

### 2. *The ALJ Properly Evaluated Evidence Provided By Brent Francisco and Jane Keith*

Plaintiff argues the ALJ erroneously rejected or evaluated the evidence provided by her treatment providers, Brent Francisco and Jane Keith.  Opening Brief at 9-10.  Mr. Francisco is a nurse practitioner and Ms. Keith is a mental health counselor.  Plaintiff argues the ALJ failed to provide germane reasons to reject the evidence provided by these lay witnesses.  *Id.*  Plaintiff cites relevant case law which provides that an ALJ can reject the testimony of lay witnesses only if he gives reasons germane to each witness whose testimony he rejects.  Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996); Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir. 1993).

The evidence is more appropriately considered as "other sources", rather than general lay witness evidence, qualified nurses and counselors are consider "other sources" for evidence regarding a claimant's impairments.  20 CFR §404.1513(d).  SSR 06-3p explains that in some instances "other evidence" such as treatment records from nurse practitioners, etc.…, may be given more weight than acceptable medical sources.  SSR 06-3p.

Regardless of the characterization as lay evidence or "other sources" of medical evidence, the principals of evaluating the evidence are generally the same.  The evidence must be properly weighed and considered by the ALJ, who must provide sufficient reasons to reject or limit significant and probative evidence.

Here, the ALJ properly considered and weighed the evidence.  The ALJ specifically addressed the opinions and records provided by Mr. Francisco and Ms. Keith in his decision, stating:

ORDER - 7

> I have not given full weight to the opinions of Brent Francisco, ARNP, PMHNP, and Jane Keith, B.A., that the claimant's anxiety disorder results in limitations in adaptation and sustained concentration and persistence which increase with stress and would preclude full-time work activity. Ms. Keith has reported the claimant requires support from friends when in public. (Exhibit 19F). Their opinion is inconsistent with treatment records which reveal the claimant has experienced improvement with mental health treatment. The claimant initially sought treatment in April 2003 for OCD, anxiety, panic attacks and problems sleeping (Exhibit 8F/89). However, it was noted she was not taking her medications in July 2003 because of "side effects" (Exhibit 8F/70). She applied for a part-time job at a gas station in September 2003. She later reported she did not get the job and wanted help getting a job. (Exhibit 8F/191-194). In April 2004 she reported her anxiety level was better and she was getting out in public more (Exhibit 8F/104). Records dated July 2004 reveal the claimant has acknowledged that her panic attacks increase when seizures increase (Exhibit 8F/251). As discussed above, her seizures can be controlled by medication. In addition, her panic attacks were noted to be controlled by medications in October 2004 (Exhibit 8F/264). In May 2005, she reported her anxiety symptoms were not as severe with getting out and coaching soccer. Her GAF score was estimated at 65 (mild symptoms)(Exhibit 8F/278, 307). The claimant acknowledged improved functioning in September 2005 (Exhibit 8F/325). Although the claimant has managed to manipulate Ms. Keith into coming to her house for some sessions, alleging inability to drive or take public transportation, she reports ability to get out to engage in playing/coaching soccer (Exhibit 11F/388, 403, 405, 406). Treatment records reveal increased symptoms of depression in January 2006 were associated with stopping all her medications and reports of "bad anxiety attacks" are primarily associated with forgetting to take her anti-anxiety medication (Exhibit 11F/395, 401, 402). In October 2006 she reported decreased episodes of anxiety and panic. Although she complained of scattered thoughts resulting in difficulty completing tasks, she reported a plan of attending school (Exhibit 11F/387). Medications generally control her anxiety symptoms (Exhibit 11F/386, 388). Although Jane Keith has reported an opinion that the claimant has a mental disorder which results in inability to engage in gainful activity for more than one year (Exhibit 11F/374), she and Nurse Francisco have generally estimated the claimant's GAF scores in the range of 52 to 55 indicating only moderate difficulty in social, occupational, or school functioning (DSM-IV). (Exhibit 11F).

Tr. 29-30.

Here, as stated above, the ALJ discounted the opinions of Mr. Francisco and Ms. Keith because they are inconsistent with treatment records which show plaintiff's conditions has significantly improved. In addition, the ALJ noted that the opinions relied upon plaintiff's exaggerated statements, which, as discussed below, the ALJ properly discredited.

ORDER - 8

The ALJ's reasons are valid. For example, the ALJ noted plaintiff began treatment in April 2003 for obsessive compulsive disorder, anxiety, panic attacks, and problems sleeping. Tr. 512-20. In September 2003, plaintiff was doing better and applied for a part-time job at a gas station. Tr. 413. In April 2004, she reported that her anxiety was better, her sleep was good, and she was getting out in public more. Tr. 500. The ALJ further noted that plaintiff's panic attacks were controlled by her medication. Tr. 29, 340. Finally, the ALJ properly noted that the GAF score of 55 that Ms. Keith gave Plaintiff in her October 2006 assessment contradicted her simultaneous opinion that Plaintiff had a mental disorder which prohibited her from engaging in gainful activity for more than one year. Tr. 577. A GAF score in the range of 52 to 55 indicates only moderate difficulties in social, occupational, or school functioning. Tr. 30. As discussed above the ALJ properly considered the medical evidence, resolving the conflicts, and making a reasonable decision. The ALJ's evaluation of the "other source" evidence provided by Mr. Francisco and Ms. Keith is consistent with the ALJ's interpretation of the medical evidence.

In sum, the ALJ noted the conflicting evidence and provided clear and convincing reasons to reject or limit the weight of Mr. Francisco's and Ms. Keith's opinions. The Court finds no error in the ALJ's evaluation of this evidence.

### *3. The ALJ Properly Found Plaintiff Not Fully Credible*

Credibility determinations are particularly within the province of the ALJ. Andrews, 53 F.3d at 1043. Nevertheless, when an ALJ discredits a claimant's subjective symptom testimony, he must articulate specific and adequate reasons for doing so. Greger v. Barnhart, 464 F.3d 968, 972 (9th Cir.2006). The determination of whether to accept a claimant's subjective symptom testimony requires a two-step analysis. 20 C.F.R. §§ 404.1529, 416.929; Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996). First, the ALJ must determine whether there is a medically

determinable impairment that reasonably could be expected to cause the claimant's symptoms. 20 C.F.R. §§ 404.1529(b), 416.929(b); Smolen, 80 F.3d at 1281-82. Once a claimant produces medical evidence of an underlying impairment, the ALJ may not discredit the claimant's testimony as to the severity of symptoms solely because they are unsupported by objective medical evidence. Bunnell v. Sullivan, 947 F.2d 341, 343 (9th Cir.1991)(*en banc*). Absent affirmative evidence that the claimant is malingering, the ALJ must provide "clear and convincing" reasons for rejecting the claimant's testimony. Smolen, 80 F.3d at 1284; Reddick, 157 F.3d at 722.

An ALJ is not "required to believe every allegation of disabling pain" or other non-exertional impairment. Fair v. Bowen, 885 F.2d 597, 603 (9th Cir.1989). When evaluating a claimant's credibility, however, the ALJ "must specifically identify what testimony is not credible and what evidence undermines the claimant's complaints." Greger, 464 F.3d at 972 (*internal quotation omitted*). General findings are insufficient. Smolen, 80 F.3d at 1284; Reddick, 157 F.3d at 722. The ALJ may consider "ordinary techniques of credibility evaluation," including the claimant's reputation for truthfulness, inconsistencies in testimony or between her testimony and conduct, daily activities, work record, and the testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which she complains. Smolen, 80 F.3d at 1284.

The ALJ found plaintiff's statements regarding the intensity, persistence and limiting effects of her impairments "are not credible to the extent they are inconsistent with the residual functional capacity assessment." Tr. 27. The ALJ provided several reasons and a detailed explanation for discounting plaintiff's credibility, including (i) evidence indicating she has performed fairly well on mental status examinations, (ii) Dr. Price's opinion that plaintiff was

ORDER - 10

able to perform at least simple and repetitive tasks and work-related social functioning, (iii) plaintiff's noncompliance with treatment recommendations, (iv) plaintiff's exaggeration of symptoms, the medical opinion evidence (discussed above), and (v) discussion of statements submitted by plaintiff's friends. Tr. 27-30. "Based on all of the above" the ALJ found claimant credible "only to the extent her allegations are consistent with the residual functional capacity determined in this case." Tr. 30.

The ALJ's reasons are clear and convincing. Moreover, substantial evidence in the record supports the ALJ's decision. For instance, the ALJ's properly relied on the fact that plaintiff did not comply with her prescribed treatment regimen. In support of this finding the ALJ cited Dr. Adams' report (Tr. 28 (citing Exhibit 9F)), wherein plaintiff "reported not being on any current medications. However, she stated that she [was] supposed to be taking Dilantin and Celexa, and that she takes Xanax, as needed, although she reported working on reducing her Xanax use lately." Tr. 522. Similarly, Dr. Bell documented plaintiff's reluctance to take her seizure and psychiatric medications, and a seizure that resulted from this reluctance. Tr. 597, 631. Dr. Adams' testing also showed plaintiff may have been exaggerating her impairment. Tr. 528. Dr. Schneider also noted plaintiff's tendency to exaggerate her symptoms. Tr. 534.

In sum, the ALJ properly considered the evidence of the record as a whole and discounted plaintiff's testimony regarding the severity of her impairments. As discussed above, the ALJ provided specific and legitimate reasons for discrediting plaintiff.

### ***ORDER***

Based on the foregoing, the administrative decision is affirmed.

Dated this 26th day of April, 2010.

ORDER - 11

J. Richard Creatura
United States Magistrate Judge

ORDER - 12